# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE CALIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LOS ANGELES, et al,<br><br>　　　　Defendants<br>_____ | NO. CV 15-5161-JLS (KS)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

　　This Report and Recommendation is submitted to the Honorable Josephine L. Staton, United States District Judge, pursuant to the provisions of 28 U.S.C. General Order No. 05-07 of the United States District Court for the Central District of California. Before the Court is Defendant Anthony Simms's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the civil rights complaint filed by Plaintiff Marquise Caliz along with a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (together, the "Motion").

//
//
//

For the reasons discussed below, the undersigned recommends that the Court DENY the Motion with respect to Plaintiff's failure to exhaustion available remedies; DENY the request for a more definite statement; and GRANT the Motion with respect to the state law tort claims.

## INTRODUCTION

On July 8, 2015, Marquise Caliz ("Plaintiff"), who was then in custody at the Men's Central Jail ("MCJ")[1] and proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint"). (Dkt. No. 1.) The Complaint alleges excessive force and state tort claims against the City of Los Angeles, Deputy Anthony Simms ("Simms"), and unknown deputies. (*Id.*) On July 16, 2015, the Court issued an order directing service of process by the United States Marshal upon Deputy Simms, in his individual capacity, and the City of Los Angeles. (Dkt. No. 5.) The Complaint was not served upon Simms until May 19, 2016. (Dkt. No. 34.)

In the interim, on September 3, 2015, Defendant City of Los Angeles ("City of LA") filed a Notice of Motion and Motion to Dismiss Case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 11.) On January 22, 2016, following the completion of briefing on the City of LA's motion, the undersigned United States Magistrate Judge issued a Report and Recommendation. (Dkt. No. 29.) On August 4, 2016, the Honorable Josephine L. Staton issued an order accepting the January 22, 2016 Report and Recommendation and dismissing Plaintiff's claims against the City of LA with prejudice.

On June 9, 2016, Simms filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Simms also moved the Court for a more

---

[1] Plaintiff is currently in custody at the California State Prison-Corcoran in Corcoran, California. (*See* Dkt. No. 30.)

definite statement under Rule 12(e) to require Plaintiff to specify the conduct that forms the basis of his Fourth and Fourteenth Amendment claims against Simms. (Dkt. No. 36.) On August 15, 2016, Plaintiff filed an Opposition to the Motion (the "Opposition"). (Dkt. No. 15.) Simms filed a Reply on August 24, 2016. (Dkt. No. 45.) The Motion is now fully briefed and ready for decision.

## PLAINTIFF'S ALLEGATIONS

The Complaint purports to assert three causes of action. (Complaint at 5.) The First Cause of Action is for use of unreasonable and excessive force in violation of Plaintiff's Fourth and Eighth Amendment rights under the U.S. Constitution. (*Id.*) The Second Cause of Action is a "tort in essence claim" for "failure to train, failure to supervise, failure to intervene." The Complaint does not identify the defendant(s) against whom the second cause of action is asserted. (*See* Complaint at 5.) The Third Cause of Action is asserted against a defendant identified only as "Unknown" for "unreasonable strip searches, retaliation and humiliation." (*Id.*)

The Complaint alleges that on August 16, 2013, Defendant Simms assaulted Plaintiff by grabbing Plaintiff's neck and choking him. (Complaint at 5.) Plaintiff alleges that Simms put him in a headlock "while three to four other deputies began attacking [him]" and Simms "then put [Plaintiff] in handcuffs, pushed [his] arms over [his] head and ran [Plaintiff's] head into the wall." (*Id.*) Plaintiff also alleges that nearly seven months later, on April 9, 2014, "a deputy grabbed [his] left shoulder and shoved [Plaintiff] into the wall then four or five deputies ran over thrown [sic] [Plaintiff] to the ground twisted [his] arms and legs pushing [his] head into the ground with they'er [sic] knees in [his] back." (*Id.*) Plaintiff asserts that an "unknown" sergeant acted under color of law by "failure to intervene" during the April 9, 2014 incident. *(Id.)* Plaintiff further alleges that in September or October 2014, "an (I.R.C.) Deputy" retaliated against him by "K-10-ing" Plaintiff so that he would be subject to strip

3

searches. (*Id.*) Plaintiff does not allege that Simms was involved in either the April 2014 or September 2014 incidents.

On the form complaint, under Section B Exhaustion of Administrative Remedies, Plaintiff checked the box indicating that he had filed a grievance concerning the facts alleged in his Complaint. (Complaint at 2.) However, he wrote underneath the box that, at the time of the alleged assault by Simms, Plaintiff "was in the criminal case trial every day so grievance with MCJ wasn't possible, but the incident was documented & [sic] [he] sent a letter to ACLU through [his] lawyer at the time." (*Id*.) Plaintiff indicated that he does not know if the grievance procedure was ever completed. (*Id*.) He sent a letter and called the ACLU and they spoke with Plaintiff, "but nothing further then [sic] that." (*Id.*)

Plaintiff seeks emotional distress damages of $800,000; compensatory damages for excessive force in the amount of $25,000 per defendant; $500,000 in compensatory damages from the City of LA; $10,000 per defendant in compensatory damages for unreasonable strip searches; $1,500,000 in damages against the City of LA pursuant to California Government Code; and declaratory and injunctive relief such that "defendants are not to ever work in the general population of any jail or prison or/and is [sic] not to be put in any place of authority" pursuant to 28 U.S.C. § 2201 and § 2202. (Complaint at 6.)

## DISCUSSION

**I. The Motion to Dismiss**

The Motion seeks dismissal of the action on the grounds that the Complaint fails to allege sufficient facts to show exhaustion of administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). (Motion at 1, 3.) In addition, Simms argues that, to the extent the Complaint states colorable causes of action against him as a public

employee under California law, Plaintiff failed to "preserve his right to suit by filing a tort claim for damages as required by state law." (*Id*. at 3.)

## II. Plaintiff's Opposition

In response to the Motion, most of Plaintiff's Opposition is dedicated to giving a more detailed narrative account of the circumstances surrounding Plaintiff's August 2013 encounter with Simms, including a description of "the manner in which [Simms] made his demand," alleged profanity-laced statements that Simms made to Plaintiff before grabbing Plaintiff's neck, and Plaintiff's placement "under isolation." (Opposition at 2-5.) Plaintiff included with his Opposition a "Statement of Fact" signed under penalty of perjury, which is a declaration that provides new details about his excessive force claims that were not alleged in the Complaint. (*See* Opposition at 2-6.)

Specifically, in his declaration Plaintiff contends that after the August 2013 incident where he was allegedly choked and put in a "death lock" by Deputy Simms, three deputies whom he believed to be "watch commanders" took his testimony with a video and audio recorder and took photographs of Plaintiff's injuries with a "still shot photo camera." (Opposition at 4.) Plaintiff states that he was placed in a high security cell without any access to grievance forms and remained in the segregated housing unit for 30 days and was then sent to a "K-10 fish row" unit where he again did not have access to grievance forms. *(Id*. at 5.) Instead of filing a grievance, Plaintiff sent a letter to the ACLU through his attorney. (*Id*. at 4.) Plaintiff explains that he "attempted to file [his] grievance with the options that was [sic] available & in ways that, [he] believed was just as equivalent to a grievance form." (*Id.*) Plaintiff also concedes: "I did not pursue to file a grievance after I was out of the first trial and back in the mainline (general population) because I needed/wanted the retaliation to stop." (*Id.* at 6.)

The Memorandum of Points and Authorities portion of the Opposition cites 42 U.S.C. § 1997e(a)'s requirement that no section 1983 action may be brought with respect to prison conditions "[u]ntil such administrative remedies as are available are exhausted." (Opposition at 7.) Plaintiff also relies on *Woodford v. Ngo*, 548 U.S. 81 (2006) for the principle that a prisoner has exhausted his administrative remedies as required by § 1997(a) where no such remedies "remained available to him." (*Id.* at 7.)

In his Reply, Simms argues that the Opposition's new factual allegations are not part of the pleading and, insofar as the Opposition alludes to Plaintiff attempting to file a grievance, these facts are inconsistent with judicial admissions in the Complaint. (Reply at 2.)

## APPLICABLE LAW

### I. Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.[2] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). Courts must construe *pro se* filings liberally, *Hebbe v. Pliler*,

---

[2] In addition, a trial court may dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources"). The court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. *See Abagnin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *see also Reunion, Inc. v. F.A.A.*, 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

627 F.3d 338, 342 (9th Cir. 2010), but, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not set forth detailed factual allegations, but neither "an unadorned, the-defendant-unlawfully-harmed-me accusation" nor "a formulaic recitation of the elements of a cause of action" is sufficient. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). Instead, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 5.

## II. The PLRA's Exhaustion Requirement

A prisoner must exhaust "all available administrative remedies before filing 'any suit challenging prison conditions,' including but not limited to, suits under § 1983." 42 U.S.C. § 1997e(a); *see also Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2004) (en banc) (citing *Woodford*, 548 U.S. at 85). Proper exhaustion under the PLRA "requires the prisoner to use the administrative process that the state provides." *Butler v. Adams*, 397 F.3d 1182, 1183 (9th Cir. 2005). Administrative exhaustion is required even where a plaintiff seeks only money damages and the available administrative process cannot provide payment. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). In *Booth*, the Supreme Court reasoned that prisoners must avail themselves of a prison's full administrative review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." *Id.* at 739. Further, administrative remedies must be exhausted before the action is filed, otherwise the action must be dismissed. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

7

Even so, inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Albino,* 747 F.3d at 1166 (citing *Jones*, 549 U.S. at 216). In *Albino,* the Ninth Circuit emphasized that "a plaintiff is not required to say anything about exhaustion in his complaint." *Id*. at 1169. Rather, failure to exhaust is an affirmative defense and it is the defendant's burden to prove that there was an available administrative remedy and that the plaintiff did not exhaust it. *Id*. at 1172. If a defendant satisfies this burden, the burden of production shifts to the plaintiff to show that the generally available administrative remedies were effectively unavailable to him. *Id.*

Given the defendant's burden, a motion for summary judgment under Rule 56 rather than an "unenumerated" motion under Rule12 is generally the proper pretrial mechanism to determine whether administrative mechanisms have been exhausted under the PLRA. *Id*. at 1168 (internal citation omitted).[3] Nonetheless, in *Albino*, the circuit court noted that "[i]n a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint." *Id.* at 1169. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at 1166.

## DISCUSSION

### I. Plaintiff's "Statement of Fact" Contains Allegations Outside the Pleading

As an initial matter, the Court addresses the additional factual allegations presented in Plaintiff's signed "Statement of Fact" accompanying the Opposition. The narrative in the Statement of Fact is a more detailed account than what is included in the Complaint of the incidents that gave rise to Plaintiff's excessive force and tort claims against Simms and other

---

[3] *Albino* expressly overruled *Wyatt v. Terhune*, 315 F.3d 1108, 119 (9th Cir. 2003), which had held that failure to exhaust under § 1997e(a) should be raised as an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166.

unnamed deputies. In reviewing a motion to dismiss, the Court considers "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG* LLP, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam). Facts and evidence outside the pleading that are not subject to judicial notice cannot be considered in the context of a motion to dismiss under Rule 12(b)(6). The new facts alleged in Plaintiff's "Statement of Fact" are unsubstantiated statements by Plaintiff that are neither part of the Complaint nor properly subject to judicial notice. *See* FED. R. EVID. 201. In order to consider this information, the Court must convert the motion to dismiss into a motion for summary judgment and the Court declines to do so. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

**II.   The Complaint Raises An Issue of Fact As To Whether Administrative Remedies Were Available**

A prisoner is only required to exhaust "available remedies." *Albino,* 747 F.3d at 1171. Plaintiff states that he could not file a grievance form because: (1) during his criminal trial when he was in court every day; (2) when he was in segregated housing he did not have access to grievance forms; and (3) after he returned to the general population he did not file a grievance because of retaliation. In his Opposition, Plaintiff explains that he "attempted to file [his] grievance with the options that was [sic] available & in ways that, [he] believed was just as equivalent to a grievance form." (Opposition at 4.) Construing the allegations liberally and drawing all inferences in Plaintiff's favor, Plaintiff's allegations that he had no access to grievance forms while he was in the segregated unit and his citation to *Woodford* suggests that Plaintiff is alleging that MCJ administrative remedies were made unavailable to him at least during the time when he was held in the segregated housing unit immediately following the altercation with Simms.

Simms bears the burden of raising and proving failure to exhaust as an affirmative defense. *Jones,* 549 U.S. at 204. The Motion, however, presents no information or argument identifying what, if any, administrative remedies were available to Plaintiff at the MCJ. The Motion seeks dismissal based solely on Plaintiff's allegations in the Complaint explaining why he did not file a grievance form. (*See* Motion at 3.) But, as noted above, Plaintiff is under no obligation to allege exhaustion in his complaint. *Albino*, 747 F.3d at 1169. The Motion provides no information about the MCJ grievance system, its policies, procedures, what forms are required, what levels of appeal are available, or how prisoners such as Plaintiff are apprised of the grievance mechanisms. Simms's failure to demonstrate the availability of administrative remedies and Plaintiff's allegations that he had no access to grievance forms during his placement in segregation, taken together, raise issues of fact that cannot be resolved on a motion under Rule 12(b)(6). Accordingly, the Motion must be denied to the extent it seeks dismissal based on Plaintiff's failure to exhaust available administrative remedies.

### III. Motion For More Definite Statement

Simms also presents a motion seeking a more definite statement of the grounds on which Plaintiff is asserting constitutional violations against Simms. (Motion at 1.)[4] Rule 8 of the Federal Rules of Civil Procedure only requires that a pleading contain "a short and plain statement showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Because of the minimal pleading requirements of the Federal Rules, "motions for a more definite statement are viewed with disfavor and are rarely granted." *Sagan v. Apple Computer, Inc.* 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). This case is no exception.

---

[4] In the Notice of Motion, Simms refers to alleged violations under the Fourth and Fourteenth Amendments. (*See* Dkt. No. 36 at 2.) The Motion correctly refers to allegations of violations of the Fourth and Eighth Amendments contained in the First Cause of Action. (Motion at 2.) The Court can find no reference in the Complaint to any Fourteenth Amendment violations.

10

1    Plaintiff alleges that Simms used unreasonable and excessive force in August 2013, when he choked Plaintiff, pushed Plaintiff's head into a wall causing injuries, and held Plaintiff in a head lock while other officers beat Plaintiff. (Complaint at 5.) These allegations meet the Rule 8 requirements. Therefore, the motion for more definite statement should be denied.

**IV.    Plaintiff's State Tort Claims**

The Complaint seeks compensatory damages for "tort in essence" and emotional distress claims under California state law. (Complaint at 5-6.) The Motion argues that Plaintiff's state law causes of action are barred because Plaintiff failed to comply with California Government Code § 911.2, which requires that claims against a public entity or public employee must be presented within six months after the accrual of the cause of action. (Motion at 4-5.)

Compliance with the California claims statute is mandatory, *City of San Jose v. Sup. Ct.*, 12 Cal. 3d 447, 454 (1974), and its requirements are more than procedural – "[t]hey are elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action." *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988) (finding state law tort claims were properly dismissed because plaintiff failed to allege compliance with the Tort Claims Act procedures). However, in the Opposition, Plaintiff neither refutes that Simms is a public employee nor presents any argument or evidence to indicate that he complied with the Tort Claims Act procedures. Further, Plaintiff filed his federal complaint more than two years after the initial altercation with Simms. (Dkt. No. 1.) Accordingly, leave to amend would be futile, and Plaintiff's state law claims asserted against Simms or any other public employee must be dismissed with prejudice.

**RECOMMENDATION**

For all of the foregoing reasons, IT IS RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; (2) DENYING the Motion, as to the lack of exhaustion; (2) GRANTING the Motion with prejudice as to the state tort claims; (3) DENYING the motion for a more definite statement; and (4) DIRECTING Defendants to file an Answer to the Complaint within 30 days of the date of the District Judge's Order accepting this Report and Recommendation.

DATED: September 16, 2016

/s/ Karen L. Stevenson
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of judgment of the District Court.